UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON PICORELLI, on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>WATERMARK CONTRACTORS INC., KEVIN MAHER, and HUGH HARRIS,<br><br>                 Defendants. | Case No.: 21-cv-02433<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jason Picorelli, on behalf of himself and all other similarly situated individuals (collectively "Plaintiffs"), by and through his undersigned counsel, McLaughlin & Stern, LLP, alleges upon personal knowledge as to himself and upon information and belief as to other matters (which is based on, among other things, his experiences at Defendants' facility, review of Defendants' records, conversations with Defendants' hourly paid and non-exempt employees and investigation of his counsel), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of himself and all other similarly situated current and former hourly paid and non-exempt employees of Defendants Watermark Contractors Inc. ("Watermark") Kevin Maher ("Maher"), and Hugh Harris ("Harris") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, and 216(b); New York Labor Law § 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.2, and New York Labor Law § 195, to recover unpaid wages, earned but unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs owed to Plaintiff and Hourly Employees.

2. Defendants operate a construction and construction management business, which performs construction and related services on, *inter alia*, multifamily and residential projects, commercial and industrial construction projects, specialty healthcare construction projects. At all relevant times, Defendants employed Plaintiff and all other members of the proposed class.

3. As particularized below, Defendants have engaged in illegal and improper wage practices that have deprived Plaintiff and Hourly Employees of millions of dollars in wages and overtime compensation. These practices include requiring Hourly Employees to regularly work in excess of forty hours per week without providing overtime compensation as required by applicable federal and state law.

4. Furthermore, Defendants have failed to provide Hourly Employees with pay rate acknowledgement forms and weekly wage statements.

5. These illegal practices and policies are uniform throughout Defendants' facilities and have been known to Defendants for years.

6. For these reasons, Plaintiff brings this action behalf of himself and other Hourly Employees to recover unpaid wages, earned but unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION & VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the New York Labor Law ("NYLL") state law wage and hour claims because those claims derive from a common nucleus of operative fact.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

**A.   Plaintiff**

10. Plaintiff Jason Picorelli is a resident of Eastchester, New York and performed construction related labor for Defendant within the State of New York, including within this District.

11. Plaintiff performed construction work, including labor, demolition, and other construction related services for Defendants from approximately 2008 through the summer of 2020.

12. Plaintiff typically worked from approximately 7 a.m. to 6:00 p.m., 6 days per week.

13. As a result, Plaintiff regularly worked over 40 hours in a week.

14. During his employment, Plaintiff was paid $40.00 per hour regardless of how many hours he worked.

15. For example, during the week of February 16, 2020, Plaintiff worked approximately 101 hours. However, Plaintiff was only paid his regular rate of pay for all hours worked, including for all hours worked after 40 hours. Specifically, for the 61 hours of overtime Plaintiff worked that week, he was not paid one- and one-half times his regular hourly rate of pay.

16. For all hours after 40 hours in a week, Defendants claimed on Plaintiff's pay stubs that such payments were for Plaintiff's "business expenses," but in reality, were payments for wages owed, albeit at Plaintiff's regular hourly wage rate rather than his appropriate overtime wage rate. Defendants utilized this unlawful and fraudulent pay scheme amongst all non-exempt hourly paid employees in an effort to deliberately avoid paying overtime wages. Other employees

who were subject to this unlawful policy include but are not limited to: Henry Lloyd; Jason Montague; Joseph Lulanaj; Julio Diaz; David Cruz; Richard Frusciante; John Bell; Nicholas Viola and Elizabeth Maloney.

17. Plaintiff and all other employees regularly worked in excess of 40 hours in a week, but were never paid overtime compensation in an amount equal to one and one half times their regular rate of pay.

**B.    Defendants**

18. Upon information and belief, Watermark is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 612 Corporate Way, Suite 11, Valley Cottage, New York. Watermark is engaged in the construction and construction management business, including residential and commercial construction, and employed Plaintiff and other members of the proposed class at all relevant times.

19. Upon information and belief, Maher is a resident of Stony Point, New York. Maher is, or at all relevant times was, the founder, principal, director, Chief Executive Officer, and owner of Watermark.

20. Upon information and belief, Maher was an owner and director of Watermark, and (i) had the power to hire and fire employees; (ii) supervised and controlled employees work schedules or conditions of employment; (iii) determined the rate and method of payment for employees, and (iv) maintained employment records.

21. Upon information and belief, Harris is a resident of Bronx, New York. Harris is, or at all relevant times was, a principal, director, and owner of Watermark.

22. Upon information and belief, Harris is an owner and director of Watermark, and (i) had the power to hire and fire employees; (ii) supervised and controlled employees work schedules

or conditions of employment; (iii) determined the rate and method of payment for employees, and (iv) maintained employment records.

23.     According to its website, Watermark "provides the highest quality workmanship" and that "[a]ll project activities are supervised by firm principals."

24.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

25.     Upon information and belief, Defendants engage in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce such as construction materials, equipment and tools.

## FACTUAL ALLEGATIONS

### Background

26.     Upon information and belief, Defendants currently employ over 100 Hourly Employees.

27.     Defendants hired Plaintiff and all other Hourly Employees and promised to pay hourly wages for their work.

28.     Full-time Hourly Employees are paid hourly wages based upon their job description and tenure that range between approximately $30.00 and $40.00 per hour.

29.     Plaintiff and Hourly Employees regularly work in excess of 40 hours per week but are not paid overtime compensation in an amount equal to one- and one-half times their regular rate of pay.

30.     Accordingly, Plaintiff seeks certification of the following classes of Hourly Employees:

> All Hourly Employees who are or were employed by Defendants within the three years (FLSA Collective Class) or six years (New York Class) preceding the filing of this action and were not paid an

amount equal to one- and one-half times their regular rate of pay for hours worked over 40 in a week.

**Defendants Exercise Control Over Watermark's Wage Policies and Practices**

31. Defendants have the power to control Watermark's wage policies and practices through their oversight and management of day-to-day operating procedures, control over employee work schedules, ability to determine employees' rate of pay and ability to control Watermark's record and time keeping practices.

32. By virtue of their positions, roles and conduct as described above, Watermark, Maher, and Harris are "employers" under the FLSA and NYLL.

**Defendants Failed To Provide Hourly Employees With Timely And Appropriate Wage Statements and Pay Rate Acknowledgement Forms As Required Under NYLL**

33. Defendants failed to provide Plaintiff and all other Hourly Employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; names of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

34. Defendants failed to provide Plaintiff and all other Hourly Employees at the time of hiring and when they received a change in their hourly rate of pay, a statement in English and the Hourly Employees' primary language, containing: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the employers' main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

## FLSA COLLECTIVE AND CLASS ALLEGATIONS

35. The preceding paragraphs are incorporated by reference as if fully set forth herein.

36. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

37. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees (*i.e.*, the Hourly Employee) who worked for Defendants as construction workers or in other construction related work.

38. Excluded from the FLSA Collective Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Watermark. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective Class.

39. Plaintiff and members of the proposed class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty hours in any given week, pursuant to 29 U.S.C. § 207.

40. The putative class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state the exact number of Hourly Employees within the FLSA Collective Class without discovery of Defendants' books and records, but estimates that the FLSA Collective Class exceeds 100 individuals.

41. Defendants improperly benefited from paying Plaintiff and the FLSA Collective Class members' less than their applicable overtime rate for hours worked over 40 in a week.

42. The questions of law and fact common to the proposed class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week and (2) whether Defendants kept adequate and proper records.

43. Defendants' unlawful conduct has been widespread, repeated and consistent. Moreover, Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

44. The claims of the Plaintiff are typical of the claims of the putative class members. The Plaintiff, like all members of the putative class, was subject to Defendants' policies and willful practice of refusing to pay employees overtime compensation. The Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

45. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

47. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent to the FLSA Collective Class.

48. There are numerous similarly situated, current and former Hourly Employees who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated Hourly Employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ALLEGATIONS

49. The preceding paragraphs are incorporated by reference as if fully set forth herein.

50. Plaintiff brings this action on his own behalf and as a class action pursuant to Article 9 of New York Civil Practice Law and Rules on behalf of the aforementioned New York Class.

51. Excluded from the New York Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Watermark. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

52. Defendants operate and manage a successful construction company, employing over 100 Hourly Employees in New York State and they systematically fail and refuse to pay their Hourly Employees for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

53. Plaintiff's claims are typical of the claims of other New York Class members because Plaintiff is a non-exempt hourly-wage Hourly Employee who has not been compensated in an amount equal to one and one half times his regular rate of pay for hours worked over 40 in a week.

54. Plaintiff and other New York Class members have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and other New York Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

55. Plaintiff will fairly and adequately protect the interests of the New York Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between Plaintiff and the New York Class.

56. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    (a) Whether Defendants failed and/or refused to pay Plaintiff and the New York Class for all of the compensable time that they worked for Defendants;

    (b) Whether Defendants failed and/or refused to pay Plaintiff appropriate overtime rates for hours worked over 40 in a week;

    (c) Whether Defendants failed to keep true and accurate time records for all hours worked by their Hourly Employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

    (d) Whether Defendants failed to provide appropriate and accurate pay rate acknowledgement forms and weekly wage statements as required by New York Labor Law §§ 195(1) and 195(3);

    (e) Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(f) Whether Defendants engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and New York Class members to perform work for Defendants' benefit which was not compensated;

(g) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

57. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the New York Class are readily identifiable from Defendants' own records.

58. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Defendants.

59. Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the New York Class.

60. Plaintiff intends to send notice to all members of the New York Class to the extent required by New York C.P.L.R. § 904.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA
### (On Behalf of Plaintiff and the FLSA Collective Class)

61. The preceding paragraphs are incorporated by reference as if fully set forth herein.

62. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

63. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

64. Plaintiff and the members of the FLSA Collective Class are employees within the meaning contemplated in 29 U.S.C. § 203.

65. Defendants are "employer[s]", within the meaning contemplated in 29 U.S.C. § 203.

66. Defendants failed to pay Plaintiffs and the members of the FLSA Collective Class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

67. The failure of Defendants to pay Plaintiff and the members of the FLSA Collective Class their rightfully owed wages and overtime compensation was willful.

68. By the foregoing reasons, Defendants are liable to Plaintiff and members of the FLSA Collective Class in an amount to be determined at trial, plus interest, liquidated damages, penalties attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NYLL
### (On Behalf of Plaintiff and the New York Class)

69. The preceding paragraphs are incorporated by reference as if fully set forth herein.

70. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

71. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

72. Plaintiff and the members of the New York Class worked more than forty hours a week while working for Defendants.

73. Plaintiff and the members of the New York class did not receive overtime compensation in an amount equal to one and one half times their regular rates of pay for the hours worked after the first forty hours of work in a week.

74. Consequently, by failing to pay to Plaintiff and the members of the New York Class overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

75. Defendants' failure to pay overtime compensation to Plaintiff and the members of the New York Class for work they performed after the first forty hours worked in a week was willful.

76. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and the New York Class in an amount to be determined at trial, plus interest, liquidated damages, penalties attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

**New York Labor Law – Violation of the Notice and Recordkeeping Requirements**
**(On Behalf of Plaintiff and the New York Class)**

77. The preceding paragraphs are incorporated by reference as if fully set forth herein.

78. Defendants have failed to provide Plaintiff and all Hourly Employees with a written notice, in English and in Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79. Defendants are liable to Plaintiff and each Hourly Employee in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Violation of the Wage Statement Provisions
### (On Behalf of Plaintiff and the New York Class)

80. The preceding paragraphs are incorporated by reference as if fully set forth herein.

81. Defendants have not provided Plaintiff and all Hourly Employees a statement with each payment of wages listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL 195(3).

82. Defendants are liable to Plaintiff and each Hourly Employee in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jason Picorelli, individually and on behalf of the FLSA Collective, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff Jason Picorelli, as the Representative of FLSA Collective Class;

    C.    Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective Class;

    D.    An award of damages, according to proof, including but not limited to unpaid overtime wages and lost benefits, to be paid by the Defendants;

    E.    An award of costs incurred herein, including expert fees;

    F.    An award of attorneys' fees pursuant to 29 U.S.C. § 216;

    G.    An award of pre-judgment and post judgment interest, as provided by law;

    H.    An award of injunctive relief to prevent against future wage and hour violations; and

    I.    All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiff Jason Picorelli, individually and on behalf of the New York Class, seek the following relief:

    A.    Certification of this action as a class action under Rule 23 and the appointment of Plaintiff's counsel as Lead Counsel for the New York Class;

    B.    Designation of Plaintiff Jason Picorelli, as the Representative of New York Class;

    C.    On the Second Cause of Action (Violation of New York Labor Law)

        1.    An award to Plaintiff and the members of the New York Class of damages for the amount of unpaid overtime, in addition to interest subject to proof; and

        2.    An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law.

    E.    On the Third and Fourth Causes of Action (Violation of New York Labor Law – Notice and Recordkeeping Requirements and Wage Statement Provisions):

1. An award to Plaintiff and members of the New York Classes of damages for violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d).

2. An award to Plaintiff and the members of the New York Classes of reasonable attorneys' fees and costs pursuant to NYLL §§198(1-b), 198(1-d).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATIONS LAW § 630

Defendants are hereby put on notice that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, they are hereby notified that Plaintiff, the FLSA Collective Class and the New York Class intends to charge and hold personally, jointly and severally liable, the ten largest shareholders of Watermark Contractors Inc. for all debts, wages, and/or salaries due and owing to Defendants' employees for services performed by them and

Plaintiff has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
      March 19, 2021

                              McLAUGHLIN & STERN, LLP

                              By: */s/ Lee S. Shalov*
                                    Lee S. Shalov
                                    Brett R. Gallaway
                                    Jason S. Giaimo
                          260 Madison Ave.
                          New York, NY 10016
                          Telephone: (212) 448-1100
                          lshalov@mclaughlinstern.com
                          bgallaway@mclaughlinstern.com
                          jgiaimo@mclaughlinstern.com

                          *Attorneys for Plaintiff, the FLSA Collective Class and the New York Class*