# MᴄLᴀᴜɢʜʟɪɴ & Sᴛᴇʀɴ, LLP
### Fᴏᴜɴᴅᴇᴅ 1898

**Bʀᴇᴛᴛ R. Gᴀʟʟᴀᴡᴀʏ**
bgallaway@mclaughlinstern.com
(212) 448-1100

260 Mᴀᴅɪsᴏɴ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, Nᴇᴡ Yᴏʀᴋ 10016
(212) 448–1100
Fᴀx (212) 448–0066
www.mclaughlinstern.com

Mɪʟʟʙʀᴏᴏᴋ, NY
Gᴀʀᴅᴇɴ Cɪᴛʏ, NY
Wᴇsᴛ Pᴀʟᴍ Bᴇᴀᴄʜ, FL
Fᴛ. Lᴀᴜᴅᴇʀᴅᴀʟᴇ, FL

May 24, 2021

**VIA ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:  *Picorelli v. Watermark Contractors Inc., et al.*
**Case No.: 7:21-cv-02433-KMK**

Dear Judge Karas:

We represent Jason Picorelli, the plaintiff in the above-referenced matter ("Plaintiff"), and jointly submit this letter with counsel for defendants Watermark Contractors Inc., Kevin Maher, and Hugh Harris (collectively, "Defendants") for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties, a copy of which is annexed hereto as Exhibit 1. As further set forth below, the parties respectfully request that the Court approve the Agreement because it represents a fair and reasonable resolution of this dispute, was negotiated at arms'-length between experienced counsel, and confers a substantial benefit to Plaintiff.

### 1. Plaintiff's Claims for Unpaid Wages

Plaintiff commenced this action on behalf of himself and all other similarly situated current and former hourly paid and non-exempt employees of Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, and 216(b); New York Labor Law ("NYLL") § 663; 12 New York Codes, Rules and Regulations § 142-2.2, and NYLL § 195, to recover unpaid wages, earned but unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs owed to Plaintiff. More specifically, Plaintiff was employed by Defendants from 2008 through the summer of 2020 as an hourly paid and non-exempt employee and performed construction and related services for Defendants, including labor, demolition, and other construction work and services. Plaintiff typically worked from approximately 7 a.m. to 6:00 p.m., 6 days per week. As a result, Plaintiff regularly worked over 40 hours in a week. However, Plaintiff alleged that during his employment, Plaintiff was paid $40.00 per hour regardless of how many hours he worked. Plaintiff further alleged that for all hours after 40 hours in a week, Defendants claimed on Plaintiff's pay stubs that such payments were for Plaintiff's "business expenses," but in reality,

{N0312929.1}

McLAUGHLIN & STERN, LLP

Hon. Kenneth M. Karas
May 24, 2021
Page 2

were payments for wages owed, albeit at Plaintiff's regular hourly wage rate rather than his appropriate overtime wage rate.

While this dispute was settled before Defendants' time to move or answer the complaint, Defendants have made clear that they dispute Plaintiff's allegations, and contend that they have substantially complied with the FLSA and NYLL. As such, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims.

### 2. The Need for the Court's Approval of the Agreement

As Plaintiff's action arises under the FLSA, the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). To be sure, the FLSA places strict limits on an employee's ability to waive claims and, as such, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Elliot v. Allstate Investigations, Inc.*, 2008 WL 728648 (S.D.N.Y. 2008).

### 3. The Agreement Should be Approved as Fair and Reasonable

An FLSA settlement should receive judicial approval where it is fair and reasonable. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Generally, there is a 'strong presumption in favor of finding a settlement fair,' as 'the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement.'" *Id.* (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

Here, there is no question that the settlement is fair and reasonable and did not come about because of "overreaching" by the employer. To the contrary, Plaintiff is represented by highly competent counsel, who negotiated the Agreement which provides substantial benefits to Plaintiff, including a lump sum payment to Plaintiff in the sum of $10,000, as well as Plaintiff's re-instatement of employment with Defendants. Significantly, regarding the latter, Plaintiff's re-instatement provides Plaintiff with gainful employment and a steady stream of income for the foreseeable future. Moreover, Plaintiff's counsel specifically negotiated that Plaintiff's re-employment with Defendants may only be terminated by Defendants for cause. *See* Exhibit 1. The significant benefit conferred on Plaintiff by virtue of the Agreement weighs heavily in favor of finding the settlement reasonable. *See Santos v. Yellowstone Properties, Inc.*, 2016 WL 2757427 (May 10, 2016).

McLaughlin & Stern, LLP

Hon. Kenneth M. Karas
May 24, 2021
Page 3

Additionally, the Agreement was reached after extensive arms'-length bargaining between represented parties, which further weighs in favor of finding the settlement reasonable. *See Lliguichuzhca*, 948 F. Supp. 2d at 366 (citing *Hernandez v. Tabak*, 2013 WL 1562803, at *1-2 (S.D.N.Y. Apr. 10, 2013); *Aponte v. Comprehensive Health Mgmt., Inc.*, 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013). Moreover, the Agreement does not include any confidentiality provisions, general releases, or any signs of fraud or collusion that would otherwise militate against approval of the Agreement. *See Santos*, 2016 WL 2757427 at *2-3 (approving settlement and noting that "none of the factors that weigh against settlement approval appear to be present).

Finally, the Agreement provides immediate relief to both parties, who each face substantial risk in proceeding forward with the litigation. Indeed, while both parties are confident in their respective positions, they also recognize the inherent risk in any litigation, as well as the costs, expense, and time associated with continued litigation. By contrast, the Agreement provides Plaintiff with an immediate and substantial benefit in terms of both a lump sum payment and re-instatement to his prior position rather than waiting months, if not years, for the matter to proceed through motion practice and, eventually, trial.

For these reasons, the Agreement should be approved as fair and reasonable.

### 4.  Application for Attorneys' Fees

Pursuant to the Agreement, Defendants have agreed to pay and Plaintiff's counsel seeks attorneys' fees in the sum of $20,000, which are reflective of the time spent by Plaintiff's counsel on this case. More specifically, Plaintiff's counsel has spent 28.75 hours of attorney time on this matter through the date of this letter motion.[1] The attorneys at McLaughlin & Stern, LLP ("M&S") who worked on this matter include Brett R. Gallaway, a partner in the litigation department with substantial experience in litigating wage-and-hour disputes on behalf of both employees and management, and Jason S. Giaimo, an associate in the litigation department with significant wage-and-hour experience. Mr. Gallaway's hourly rate is $625.00 and Mr. Giaimo's is $485.00. These hourly rates are reasonable given the experience of Plaintiff's counsel and have been approved by courts in this Circuit before. *See, e.g.*, *Civil v. Starrett City, Inc.*, 18-cv-2256(FB)(PK), Dkt. No. 63 (approving M&S's hourly rates as reasonable in the Eastern District of New York); *Morales v. Rochdale Village, Inc.*, 15-cv-00502 (SJB), Dkt. No. 228 (same); *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 221 (S.D.N.Y. 2015) (approving hourly rates of $650-900 per hour for partners and $350-600 per hour for associates).

Most significantly, the attorneys' fees that Plaintiff's counsel seeks are ***in addition*** to the lump sum payable to Plaintiff and Plaintiff's reinstatement to his prior position of employment with Defendant. In other words, Plaintiff's recovery would be in no way reduced or diminished by the Court's approval of Plaintiff's counsel's attorneys' fees.

---

[1]  If requested by the Court, Plaintiff's counsel will provide all appropriate billing records indicating fees and costs.

**McLaughlin & Stern, LLP**

Hon. Kenneth M. Karas
May 24, 2021
Page 4

Accordingly, Plaintiff respectfully requests that the Court approve the Agreement in its entirety, including payment of $20,000 to Plaintiff's counsel for their attorneys' fees.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Brett R. Gallaway

cc:    Defendants' counsel (via ECF)